## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| CHRISTOPHER J. G. , | ) |
| | ) |
|         *Plaintiff* | ) |
| | ) |
| v. | )   No. 2:19-cv-00562-GZS |
| | ) |
| ANDREW M. SAUL, | ) |
| *Commissioner of Social Security,* | ) |
| | ) |
|         *Defendant* | ) |

### REPORT AND RECOMMENDED DECISION[1]

This Child's Disability Benefits (CDB), Social Security Disability (SSD), and Supplemental Security Income (SSI) appeal raises the question of whether the administrative law judge (ALJ) supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the basis that, in assessing his physical residual functional capacity (RFC), the ALJ erroneously (i) rejected the opinions of primary care physician Mark H. Rolerson, M.D., and agency examining consultant Arthur M. Scott, Jr., M.D., and (ii) relied on the assessment of agency nonexamining consultant Donald Trumbull, M.D. *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF No. 11) at 5-12. I find no reversible error and, accordingly, recommend that the court affirm the commissioner's decision.

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff had not attained the age of 22 as of November 30, 2015, his alleged onset date of disability, Finding 1, Record at 17;[2] that he met the insured status requirements of the Social Security Act through June 30, 2018, Finding 2, *id*.; that he had engaged in substantial gainful activity through November 2016, as a result of which the remainder of the decision relates to the period of time afterward, Finding 3, *id*. at 18; that he had the severe impairments of inflammatory arthritis and ankylosing spondylitis, Finding 5, *id*.; that he had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b), except that he could frequently balance, stoop, and climb ramps or stairs but only occasionally kneel, crouch, crawl, and climb ladders, ropes, or scaffolds, Finding 7, *id*. at 19; that, considering his age (18 years old, defined as a younger individual, on his alleged disability onset date, November 30, 2015), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 9-12, *id*. at 23; and that he, therefore, had not been disabled from November 30, 2015, his alleged onset date of disability, through the date of the decision, May 16, 2019, Finding 13, *id*. at 24. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

---

[2] To be entitled to a CDB award on the earnings record of a wage earner, a claimant who is over 18 and not a full-time student must demonstrate that he or she was disabled before he or she turned 22 "and was continuously disabled from the date of [his or] her twenty-second birthday through the date that [he or] she applied for benefits." *Starcevic v. Comm'r of Soc. Sec.,* No. 08-13128, 2009 WL 2222631, at *6 (E D. Mich. July 22, 2009). *See also* 20 C.F.R. § 404.350.

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

Absent a material error in an ALJ's resolution of conflicts in the evidence, including the expert opinion evidence of record, this court defers to an ALJ's weighing of such evidence – the core duty of an ALJ. *See, e.g., Rodriguez,* 647 F.2d at 222 ("The Secretary may (and, under his regulations, must) take medical evidence. But the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for him, not for the doctors or for the courts."); *Malaney v. Berryhill*, No. 2:16-cv-00404-GZS, 2017 WL 2537226, at *2 (D. Me. June 11, 2017) (rec. dec., *aff'd* July 11, 2017), *aff'd*, No. 17-1889, 2019 WL 2222474 (1st Cir. May 15, 2019) ("The mere fact that a claimant can point to evidence of record supporting a different conclusion does not, in itself, warrant remand."). I find no such material error in this case.

3

### A. Rejection of Rolerson and Scott Opinions

Dr. Rolerson completed a Medical Source Statement of Ability To Do Work-Related Activities (Physical) on September 25, 2018, in which he indicated, *inter alia*, that the plaintiff could lift/carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk for less than two hours in an eight-hour workday, needed to periodically alternate sitting and standing to relieve pain or discomfort, and was limited in pushing and/or pulling with his upper and lower extremities and in reaching all directions (including overhead), handling, and fingering. *See* Record at 789-91. He elaborated, "standing or sitting more than 10 minutes causes increased pain, relieved by changing position and/or changing task[.]" *Id*. at 789. He amended his Medical Source Statement on February 19, 2019, to add that the plaintiff could sit for less than six hours in an eight-hour workday. *See id*. at 800.

Dr. Scott submitted a report of a June 20, 2017, physical evaluation in which he concluded that the plaintiff would be expected to have (i) "moderate limitations in his standing and walking capacities[,]" (ii) no difficulty sitting, (iii) the ability "to lift ten pounds and carry that amount of weight for three minutes on each occasion[,]" (iv) no ability to climb or crawl, moderate limitations in kneeling and crouching, mild limitations in stooping, and the ability to balance, (v) mild limitations in reaching, handling, fingering, and feeling, and (vi) no ability to work at heights or around heavy machinery. *Id*. at 604, 608-09.

The ALJ stated that the Rolerson opinion was "not persuasive as it is neither consistent with nor supported by the objective treatment record." *Id*. at 22. He elaborated, "The restrictions included in this opinion are not supported by objective treatment records (as discussed throughout this decision), and the [plaintiff]'s own Function Report indicates fewer limitations." *Id*. (citation omitted). He likewise deemed the Scott opinion "not persuasive[,]" explaining:

> This opinion is neither consistent with nor supported by the objective record . . . . The [plaintiff] reports that he is able to drive and work in his dad's garage. He also sought treatment after a welding injury. As with the overall record, these examples suggest[] that the [plaintiff] has a greater physical capacity than suggested by Dr. Scott.

*Id*. (citations omitted).

The plaintiff contends that "the ALJ failed to provide sufficient detail to demonstrate any significant disparity between the 'objective treatment record' and Dr. Rolerson's opinions and limitations" and, in any event, the reasons supplied for discounting both opinions "were not valid." Statement of Errors at 8-9. Neither argument is persuasive.

As concerns the adequacy of the ALJ's explanation, regulations applicable to claims filed on or after March 27, 2017, as was this one, *see* Record at 15, provide, "We will articulate in our . . . decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in your case record[,]" 20 C.F.R. §§ 404.1520c(b), 416.920c(b). However, the decision-maker need only explain his or her consideration of the two most important factors in that evaluation, supportability and consistency. *See id*. §§ 404.1520c(b)(2), 416.920c(b)(2).[3]

At oral argument, the plaintiff's counsel contended that the above-quoted discussions of both the Rolerson and Scott opinions are too conclusory to pass muster, providing no meaningful analysis of either supportability or consistency. He acknowledged that, in discussing the Rolerson opinion, the ALJ alluded to his earlier discussion of the evidence of record but asserted that he did not do so in the case of the Scott opinion and, in any event, reference to his earlier discussion did

---

[3] With respect to supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . ., the more persuasive the medical opinions . . . will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). With respect to consistency, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." *Id*. §§ 404.1520c(c)(2), 416.920c(c)(2).

not suffice to bring his explanation of his handling of either opinion into compliance with the articulation requirements of 20 C.F.R. §§ 404.1520c and 416.920c.

I find otherwise. First, the ALJ alluded to his prior discussion of the evidence of record in explaining his handling of the Scott as well as the Rolerson opinion, stating, "As with *the overall record*," specific examples that the ALJ provided "suggest[] that the [plaintiff] has a greater physical capacity than suggested by Dr. Scott." Record at 22 (citation omitted) (emphasis added). Second, in the discussion incorporated by reference, the ALJ detailed the reasons why he found the overall evidence of record, including the plaintiff's function report, the objective medical evidence of record, and the longitudinal course of treatment, inconsistent with the plaintiff's subjective allegations of disabling limitations. *See id*. at 19-21. In turn, that discussion bears on, and illuminates the question of whether, the Rolerson and Scott opinions are supported by and consistent with the record evidence. The ALJ, thus, adequately explained his handling of the Rolerson and Scott opinions pursuant to 20 C.F.R. §§ 404.1520c and 416.920c.[4]

The ALJ's rejection of the Rolerson and Scott opinions is supported by substantial evidence.[5] The ALJ characterized the plaintiff's function report as containing "some contradictory information," noting that, although the plaintiff indicated that his pain was "'constant and severe' because he pushes himself" and that he could not "sit or stand 'for any time[,]'" he had reported

---

[4] At oral argument, the plaintiff's counsel pointed out that the ALJ failed to note that Dr. Rolerson had amended his opinion to add a limitation to sitting less than six hours in an eight-hour workday. *Compare* Record at 790 *with id*. at 800. However, the plaintiff does not explain, and it is not apparent, how this oversight matters.

[5] In his statement of errors, the plaintiff challenged the weighing of the opinion evidence on the additional basis that the ALJ had failed to take into account Dr. Rolerson's status as his longtime treating physician and Dr. Scott's status as an examining physician *versus* Dr. Trumbull's status as a mere nonexamining physician. *See* Statement of Errors at 5, 8-11. He added that Dr. Trumbull was a specialist in emergency medicine, not rheumatology. *See id*. at 10 & n.4. However, applicable regulations clarify that ALJs "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). As noted above, those regulations also provide that an ALJ need only explain his or her consideration of the two most important factors, supportability and consistency. *See id*. §§ 404.1520c(b)(2), 416.920c(b)(2).

that he could attend to personal care tasks, could "perform household tasks such as emptying the trash, sweep[ing] and us[ing] the riding lawn mower[,]" was "able to walk places for transportation[,]" could "both drive and ride in a car[,]" and attempted "to go outside on a daily basis." *Id*. at 20.  This is a fair characterization, *see id*. at 424-28, and the ALJ reasonably viewed this information as inconsistent with limitations assessed by Drs. Rolerson and Scott; for example, that the plaintiff needed to periodically alternate sitting and standing and could stand or sit for no more than 10 minutes without changing position or task, *see id*. at 789-90, and could lift 10 pounds and carry that weight for three minutes, *see id*. at 609.

In addition, the ALJ reasonably deemed the objective medical record and the plaintiff's course of treatment inconsistent with the Rolerson and Scott opinions, noting that:

1.     The record reflected "a single isolated incidence of '10/10' back pain that had sudden onset" and was thought "'extremely unlikely'" to be related to the plaintiff's ankylosing spondylosis.  *Id*. at 20 (quoting *id.* at 575-76).

2.     Although the plaintiff had alleged that Humira did not work in managing his symptoms, notes from Rheumatology Associates indicated that (i) an adjustment to a weekly dose of Humira in December 2015 resulted in "significant symptomatic improvement" as of March 2016, *id*. at 20; *see also id*. at 489, 491, (ii) on April 9, 2018, the plaintiff "was noted to generally be doing well with Humira and methotrexate and was described as 'completely asymptomatic[,]'" despite having reported significant pain the prior month, *id*. at 20-21 (quoting *id.* at 722), (iii) in October 2017, the plaintiff "reported that he was asymptomatic except for back stiffness with prolonged inactivity" and "described himself as stable on the combination of methotrexate and Humira[,]" *id*. at 21; *see also id*. at 727,[6] (iv) in September 2018, the plaintiff "stated that he has

---

[6] At oral argument, the plaintiff's counsel pointed out that "stable" does not mean improved or good but rather, unchanged.  By the same token, it does not mean that the plaintiff's condition had worsened.

pain levels that occasionally interfere with physical activity and that worsen when he is due for Humira, but he dismissed the idea of going to the next medication option[,]" *id*. at 21; *see also id*. at 793, and, (v) at that visit, the plaintiff's treating rheumatologist (Edward Fels, M.D.) "noted that the [plaintiff] did not seem to be losing range of motion in his spine despite the report of pain[,]" *id*. at 20; *see also id.* at 795.

Finally, the ALJ noted that the plaintiff was able to "work in his dad's garage" and had "sought treatment after a welding injury." *Id*. at 22 (citation omitted); *see also id*. at 632. He reasonably viewed this activity, as well, as inconsistent with the Scott opinion.[7]

Remand, accordingly, is unwarranted on the basis of the first point of error.

### B. Adoption of Trumbull Assessment

In an assessment dated September 18, 2018, Dr. Trumbull found the plaintiff capable, in relevant part, of occasionally lifting and/or carrying 20 pounds, frequently lifting and/or carrying 10 pounds, standing and/or walking for about six hours in an eight-hour workday, sitting for more than six hours on a sustained basis in an eight-hour workday, frequently climbing ramps and stairs, balancing, and stooping, and occasionally climbing ladders/ropes/scaffolds, kneeling, crouching, and crawling. *See* Record at 155-56.

The ALJ adopted these limitations, deeming them "consistent with the record." *Id*. at 21. He explained that, "[w]hile the degree of limitation alleged by the [plaintiff] is not supported by the record, it does indicate that he has increased pain levels around the time that he is due for Humira" and, "while there are no specific indications of ongoing physical restrictions, he does report occasional functional limits as a result of the pain." *Id*.

---

[7] The plaintiff notes that he testified, with respect to his work in his father's garage, that he usually tried to find "small things I can help my dad out with" and had done very little real work on cars over the years. Statement of Errors at 9; Record at 52, 54. However, the ALJ partially discounted the plaintiff's subjective allegations, *see* Record at 19, and he does not separately challenge that finding, *see* Statement of Errors at 5-12.

The plaintiff asserts, however, that the Trumbull assessment cannot stand as substantial evidence of his physical RFC because Dr. Trumbull was unaware of Dr. Fels' September 18, 2018, treatment note documenting deterioration in his condition and noting that he "'ha[d] been more achy and stiff of late.'"  Statement of Errors at 11 (quoting Record at 795).  The plaintiff's counsel elaborated, at oral argument, that Dr. Trumbull based his assessment on an April 9, 2018, rheumatology note indicating that the plaintiff was "'completely asymptomatic.'"  Record at 144.

Dr. Trumbull cannot fairly be said to have relied on the April 9, 2018, note in assessing the plaintiff's RFC.  While, on initial review of the plaintiff's claim, agency nonexamining consultant Archibald Green, D.O., relied on that note in finding no severe impairment and assessing no physical limitations, *see id.* at 142-44, Dr. Trumbull noted, on reconsideration, "MER [medical evidence of record] supports some limitations[,]" *id.* at 155.

Moreover, as the commissioner observes, *see* Opposition at 18-19, the ALJ took the September 18, 2018, Fels note into account, correctly noting that, on that occasion, (i) the plaintiff reported to Dr. Fels that pain "'occasionally'" interfered with physical activities and was "more appreciable" when he was due for Humira, Record at 20 (quoting *id.* at 793), (ii) Dr. Fels noted that the plaintiff "did not seem to be losing range of motion in his spine despite the report of pain[,]" *id.* at 20 (citing *id.* at 795), and (iii) the plaintiff "dismissed the idea of going to the next medication option[,]" *id.* at 21 (citing *id.* at 793-95).  The plaintiff has not shown that the Fels note, which indicates that he reported that his pain occasionally interfered with functional activities, warranted any greater limitations than those assessed by Dr. Trumbull and adopted by the ALJ.

Remand, accordingly, is unwarranted on the basis of this final point of error.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

9

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 25th day of November, 2020.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge